IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                                                  No. 15-CR-3224-WJ

SANDRA COOK,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO SUPPRESS (DOC. 34)**

THIS MATTER comes before the Court upon Defendant's Motion to Suppress Evidence, filed October 17, 2016 **(Doc. 34)**. Having considered the parties' written and oral arguments, and having considered the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED.

**BACKGROUND**

On June 22, 2015, based on an affidavit submitted by Bernalillo County Sheriff's Office ("BCSO") Detective Gerald Koppman, a search warrant was issued for 2732 Alcazar Street, NE, Albuquerque, NM, 87110. Ex. 1. The warrant was based upon information provided by two confidential sources, law enforcement surveillance and law enforcement databases. The warrant was executed on June 30, 2015, and revealed evidence of methamphetamine and methamphetamine trafficking, including approximately three kilograms of methamphetamine and over $22,000.

Defendant contends that the search warrant was void because it lacked probable cause based on the four corners of the supporting warrant affidavit, and all evidence seized from the residence should be suppressed.[1]

## DISCUSSION

Probable cause is a common-sense standard that requires facts sufficient to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *United States v. Mesa-Rincon,* 911 F.2d 1433, 1439 (10th Cir. 1990) (internal quotation marks omitted). The particularity requirement of the Fourth Amendment "prevents general searches and strictly limits the discretion of the officer executing the warrant." *Cassady v. Goering*, 567 F.3d 628, 635 (10h Cir. 2009). In deciding whether there is probable cause to issue a warrant, the issuing judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). An affidavit supporting a search warrant establishes probable cause for the warrant's issuance "if the totality of the information [in the affidavit] establishes the fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Roach*, 582 F.3d 1192, 1200 (10th Cir. 2009), citing *United States v. Soderstrand*, 412 F.3d 1146 1152 (10th Cir. 2005) (internal quotation marks omitted). Probable cause does not require "hard evidence or personal knowledge of illegal activity [to] link a Defendant's suspected unlawful activity to his home." *United States v. Biglow,* 562 F.3d 1272, 1279 (10th Cir. 2009) (internal quotation marks omitted).

---

[1] At the hearing on this motion, defense counsel waived the jurisdictional argument which was raised and which argued that the warrant was void because it was issued by a Metropolitan Court Judge, conceding that the Metropolitan Court Judge did indeed have authority to determine probable cause for a search warrant in felony matters. *See* NMRA Rule 7-208(A).

The Court of Appeals for the Tenth Circuit has repeatedly acknowledged that a reviewing court will afford "great deference to the issuing magistrate's probable cause determination unless there is no substantial basis for concluding that probable cause existed." *United States v. Sanchez*, 555 F.3d 910, 914 (10th Cir. 2009) (internal quotation marks and citations omitted). The Fourth Amendment's "strong preference for warrants compels us to resolve 'doubtful or marginal cases' by deferring to a magistrate judge's determination of probable cause. *Biglow*, 562 F.3d 1272, 1282 (10th Cir. 2009); *see also United States v. Pulliam*, 748 F.3d 967 (10th Cir. 2014).

Defendant takes issue with the reliability of the confidential informants who provided information to Det. Koppman, and challenges several parts of the affidavit, set out below separately.

**I.  Probable Cause for Warrant**

  A.  <u>Reliability of CS-1</u>

According to the affidavit, Defendant had made contact with a confidential source, CS -1 who knew of a female subject "C" selling methamphetamine.  CS-1 placed a phone call to "C" and set up a buy.  "C" told CS-1 that she had to pick up the drugs from her supplier, and then would meet CS-1 at a predetermined location.   Detectives conducted vehicle surveillance on "C" and followed her to 2732 Alcazar NE.  "C" emerged from the residence and traveled to the location arranged by CS-1.  The affidavit states that Koppman searched CS-1 prior to the meeting with "C" and found no contraband.  At the predetermined location, "C" met with CS-1 and made a "hand to hand transaction."  A few minutes later, CS-1 returned to Det. Koppman and provided him with what appeared to be methamphetamine.  The affidavit vouches for CS-1's reliability.  Doc. 34-1 at 5.

The affidavit also recounts that surveillance was conducted on May 31, 2015 at 2732 Alcazar NE.  Det. Koppman saw "multiple subjects" enter the property, stay for a short time and then leave.  The license plate from a vehicle parked in front of the residence was registered to Marti Solano and CS-1 recognized a picture of Solano as being someone named "Marti" who sells large amounts of methamphetamine from her residence.

Defendant challenges CS-1's reliability, observing that the affidavit gives no information about how CS-1 knows "Marti" or how CS-1 knows that "Marti" sells methamphetamine from her residence.  Defendant argues that the warrant was based on a "mere ratification of the bare conclusions of others," *Gates,* 462 U.S. at 239, which is insufficient to show probable cause. However, as the Government notes, there is no requirement that an informant's veracity can be vouched by corroboration, either by law enforcement investigation or surveillance, which occurred here.  Also, the affidavit vouches for the veracity of CS-1 with a history of CS-1's prior information given to the police, which turned out to be reliable when independently corroborated.  *See United States v. Long*, 774 F.3d 653, 658 (10th Cir. 2014) ("On its face the affidavit satisfies [the] standard. A trustworthy person knowledgeable about the cocaine trade said that he or she had recently seen cocaine packaged for distribution at the location to be searched.").

    B.    <u>Controlled Buy</u>

Defendant next claims that the controlled buy is "anything but controlled," and that the affidavit has no information showing that CS-1 placed the call setting up the buy to Defendant; no information as to whether the women who was surveilled was the same person who was called by CS-1; no information about how long before the meeting Det. Koppman conducted his

search of CS-1; or whether Det. Koppman actually witnessed the transaction or merely heard about it from CS-1.

However, these details do not affect the integrity of the buy and as a result, the existence of probably cause for the warrant. The "absence of constant visual contact with the informant conducting the transaction does not render a controlled purchase insufficient, nor does the absence of an audio-recording of the transaction." *U.S. v. Artez,* 389 F.3d 1106, 1112 (10th Cir. 2004) (citing other circuits). In *Artez,* the Tenth Circuit also found that the "risk that the confidential informant was lying or was in error . . . need not be wholly eliminated." 389 F.3d at 1115. Rather, "what is needed is that the probability of a lying or inaccurate informer has been sufficiently reduced by corroborative facts and observations." *Id.*

Probable cause, as the very name implies, deals with probabilities. *Biglow,* 562 F.3d at 1280 (Probable cause "is a matter of probabilities and common sense conclusions, not certainties."). The Court finds that the officers' observations are sufficient here to establish probable cause. Officers saw "C" proceed to 2732 Alcazar Street and engage in conduct that appeared to be a narcotics transaction; and then proceed to the predetermined location to meet with CS-1. CS-1 identified where "Marti" lived, and told law enforcement that "Marti" sold drugs from that location. In addition, CS-1 was searched prior to meeting "C," and had methamphetamine *three* minutes after meeting with "C." These circumstances and observations support the probability that CS-1 did actually get the methamphetamine from "C" and significantly reduce the probability of a "lying or inaccurate informer."

C.   Affidavit Statement Regarding CS-2

Defendant also challenges the portion of the affidavit relating to Detective Koppman's contact with a second confidential source, CS-2 on June 29, 2015, claiming that CS-2's

observation of Marti with two pounds of methamphetamine is insufficient evidence to create a nexus between Marti and the 2732 Alcazar Street residence.

This challenge does not stand up to the facts. When Det. Koppman showed CS-2 a picture of Marti Solano, CS-2 confirmed that it was the "Marti" who sells methamphetamine from 2732 Alcazar NE. *See United States v. Reyes*, 798 F.2d 380, 382 (10th Cir. 1986) ("It is reasonable to assume that certain types of evidence would be kept at a defendant's residence and an affidavit need not contain personal observations that a defendant did keep such evidence at his residence"). The Affidavit also attests to the reliability of CS-2. Doc. 34-1 at 6. CS-2 told Koppman that "Marti" is a drug dealer; that "Marti" lives at the residence; that he/she had been to "Marti's" residence multiple times; and had bought methamphetamine from "Marti" and that he/she had seen "Marti" with two pounds of methamphetamine within the past three days. These statements in the affidavit support a finding of probable cause. In addition, the fact that both CS-1 and CS-2 identified Marti as a drug dealer and that Marti has multiple prior arrests for narcotics crimes, cinches the probable cause question. *See Artez,* 389 F.3d at 1114 ("criminal history, when combined with other factors, can support a finding of reasonable suspicion or probable cause").

## II.     Good Faith Exception

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court created a presumption that "when an officer relies upon a warrant, the officer is acting in good faith." *Id.* at 921. Thus, even if warrant lacked probable cause, the good faith exception would apply to preclude suppression of the evidence. Because the Court has found that probable cause existed to issue the search warrant in question, there is no need to apply this exception. In this case, Defendant does not contend that the affidavit contained false information, but rather that it lacked probable

cause. Therefore, even if probable cause did not exist, the exception would apply because there is no indication that the basis for the exception could be rebutted. *See U.S. v. Augustine,* 742 F.3d 1258, 1263 (10th Cir. 2014) (presumption of good faith exception may be rebutted when issuing judge was misled by an affidavit containing false information or information that the affiant would have known was false if not for the affiant's "reckless disregard of the truth").

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Suppress Evidence **(Doc. 34)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE