IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.                                                              No. CR-15-3224 WJ

SANDRA COOK,

    Defendant.

## ORDER GRANTING GOVERNMENT'S SECOND MOTION IN LIMINE TO PROHIBIT DISCUSSION OF APPLICABLE PENALTIES

THIS MATTER comes before the Court upon the Government's Second Motion in Limine to Prohibit Discussion of Applicable Penalties, filed March 8, 2017 **(Doc. 84)**. The motion seeks to prohibit the defense from mentioning, putting forth or eliciting in any manner, in the jury's presence, any statements regarding the minimum or maximum sentences applicable in this case, or the minimum or maximum sentences applicable in this case which Defendant would face if convicted of the charges set forth in the Superseding Indictment (Doc. 75). No response has been filed to this motion, and no response is necessary in this particular matter because the law is clear that information regarding what sentence might be imposed following a guilty verdict is irrelevant to the jury's task, and the jury is not to consider the potential punishment that could result from conviction. *U.S. v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (unless statute specifically requires jury participation in determining punishment, jury shall not be informed of possible penalties); *see also U.S. v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990); *U.S. v. Del Toro*, 426 F.2d 181, 184 (5th Cir.) (jury instructions on sentencing are inappropriate), cert. denied, 400 U.S. 829 (1970); *U.S. v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995); *U.S. v.*

*Broxton*, 926 F.2d 1180, 1183 (D.C. Cir.), cert. denied, 499 U.S. 911 (1991). In fact, Criminal Pattern Jury Instruction 1.20 for the Tenth Circuit reads as follows: "If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict." This instruction will be given by the Court.

The Tenth Circuit has rejected the notion that a defendant is entitled to invite a jury to consider punishment when determining guilt or innocence, proclaiming "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (citing *U. S. v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) (observing that "the power of juries to 'nullify' or exercise a power of lenity is just that - a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.").  In *U.S. v. Greer*, 620 F.2d 1383, 1384-85 (10th Cir. 1980), the Tenth Circuit noted that "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial" and that "[b]reach of this standard has often been grounds for reversal." The Tenth Circuit has also noted that the prohibition on the jury considering punishment protects a defendant himself from an unconstitutional conviction:

> We need imagine no improbable hypotheticals to appreciate the prejudicial effects of sentencing discussions as specific as those in this case. Information about sentencing or other consequences of a verdict is prejudicial because, if the jury is convinced that a defendant will receive a light sentence, it may be tempted to convict on weaker evidence.

*Greer,* 620 F.2d at 1385.

For these reasons, the Court GRANTS this motion **(Doc. 84)**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE