IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA COOK,

    Petitioner,

v.                                                                                                    1:20-CV-00369-WJ-LF
                                                                                                      1:15-CR-03224-WJ-LF-1

UNITED STATES OF AMERICA,

    Respondent.

**ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
<u>RECOMMENDED DISPOSITION</u>**

The Magistrate Judge filed her Proposed Findings and Recommended Disposition ("PFRD") on August 18, 2023. (CV Doc. 61; CR Doc. 231). The PFRD notified the parties of their ability to file objections within fourteen days, and that failure to do so waived appellate review. *Id.* at 23. On September 15, 2023, after receiving an extension, Petitioner Sandra Cook filed objections to the Magistrate Judge's PFRD. (CV Doc. 64; CR Doc. 233). The Government filed a response on September 21, 2023. (CV Doc. 65; CR. Doc. 234). Petitioner Cook filed a Reply on October 6, 2023 (CV Doc. 67; CR Doc. 236).

Under 28 U.S.C. § 636(b)(1)(C), the Court conducts a *de novo* review of any objections to the Magistrate Judge's PFRD. To resolve an objection to the PFRD, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party's objections to the PFRD must be "both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060

(10th Cir. 1996). An objection must be sufficient to focus the Court on the factual and legal issues actually in dispute. *Id.* at 1060. Issues raised for the first time in an objection to the PFRD are deemed waived. *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996).

Petitioner Cook's Objections do no more than re-argue the same issues of ineffective assistance of counsel relating to sentencing enhancements and the allegedly unbelievable testimony of Officer Koppman. (CV Doc. 64 at 2-4; CR Doc. 233 at 2-4). In a thorough and well-reasoned PFRD, the Magistrate Judge fully addressed Ms. Cook's arguments and rejected them. (CV Doc. 61 at 8-17; CR Doc. 231 at 8-17). Pursuant to 28 U.S.C. § 636(b)(1)(C), and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD that have been properly objected to. After conducting this de novo review, and having thoroughly considered the Magistrate Judge's PFRD and the objections, the Court finds no reason either in law or fact to depart from the Magistrate Judge's recommended disposition.

The Court overrules Ms. Cook's objections and holds that Petitioner Cook is not eligible for relief under 28 U.S.C. § 2255. The Court also finds that Ms. Cook has failed to make a showing of denial of a substantial constitutional right and denies a Certificate of Appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. The objections of Petitioner Sandra Cook are OVERRULED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (CV Doc. 61; CR Doc. 231) are ADOPTED;

3. The Court denies Ms. Cook's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1, 3; CR Doc. 166, 192) and dismisses this case with prejudice.

4. The Court denies Ms. Cook a Certificate of Appealability.

_____
CHIEF UNITED STATES DISTRICT JUDGE