# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    vs.                                        No. 15-cr-3224-WJ

**SANDRA COOK**,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANT'S MOTION FOR RECONSIDERATION
## OF HER REQUEST FOR COMPASSIONATE RELEASE and
## DENYING HER REQUEST FOR COUNSEL

**THIS MATTER** is before the Court on inmate Sandra Cook's pro se[1] "Motion for Sentence Reduction" under 18 U.S.C. § 3582(c)(1)(A). **Doc. 261**. The Court, after considering the briefing[2] and applicable law, finds that Cook's Motion is not well-taken. Her request for a compassionate release is **DISMISSED as untimely**, *see infra* ¶ II, and her request for appointment of counsel is **DENIED as moot**. *See infra* ¶ IV.

## BACKGROUND

Cook was convicted, at trial, of possession with intent to distribute methamphetamine. *See* **Doc. 122**. This Court sentenced Cook to 324 months in prison, **Doc. 140**, and on direct appeal the

---

[1] Because Cook appears pro se, the rule of liberal construction applies. *United States v. Wells*, 873 F.3d 1241, 1254 (10th Cir. 2017) (Holmes, J.).

[2] Cook filed her Motion for Compassionate release (**Doc. 261**) on April 7, 2025. The Court ordered the United States to file a Response by May 12, 2025 (**Doc. 262**). But the only assigned prosecutor "to be noticed" on CM/ECF was the U.S. Attorney—who has since left the office. Then, on May 29, 2025, new counsel for the United States entered an appearance (**Doc. 264**) and filed a Motion for extension of time (**Doc. 265**). The Court granted this request (**Doc. 266**).

    In her briefing stylized as a "Reply," (**Doc. 268**) Cook argues the United States "waived" its opposition. *Id.* **at 1**. But the Court granted the United States an extension—meaning both Responses (**Docs. 267 & 271**) are timely.

Tenth Circuit affirmed. **Docs. 165 & 165-1**; *see also United States v. Cook*, 761 F. App'x 840 (10th Cir. 2019) (unpublished) (Phillips, J.).

Cook is currently incarcerated at FCI Victorville and has a projected release date of February 24, 2038. *See* www.bop.gov/inmateloc/.

\* \* \*

Since sentencing, Cook has filed: (1) a Motion (**Doc. 166**) to Vacate under 28 U.S.C. § 2255, (2) a Motion (**Doc. 195**) to Reduce Sentence Under 18 U.S.C. 3582 and the First Step Act, (3) a Motion (**Doc. 255**) for a Sentence Reduction under USSG Amendment 821, and (4) the instant Motion (**Doc. 261**) for Compassionate Release. The previous three Motions have been denied. *See* **Docs. 204, 231, 237, 238, 260**; *see also United States v. Cook*, 2024 U.S. App. LEXIS 22549 (10th Cir. Sept. 5, 2024) (unpublished) (Tymkovich, J.) (denying a certificate of appealability and dismissing the matter).

This latest filing is Cook's second compassionate release request based on her mother's health. *See* **Docs. 195 & 261**. As such, it can properly be construed as a motion to reconsider. *See infra* ¶ II.

## DISCUSSION

### I. Modification of a Sentence under § 3582(c)(1)(A)

#### A. Compassionate release standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed; but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this finality of judgment rule is § 3582(c)(1)—so called "compassionate release." When considering a motion for compassionate release, a district court is required to:

2

> (1) find whether extraordinary and compelling reasons warrant a sentence reduction; (2) find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024) (cleaned up); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Granting a motion for compassionate release requires the district court to "'address all three steps.'" *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (Hartz, J.) (quoting *McGee*, 992 F.3d at 1043). That being said, a district court may deny compassionate release when any of the prerequisites are lacking and need not address the others. *See id.* (citing *McGee*, 992 F.3d at 1043).

### B. Claim-processing rules

Claim-processing rules arise in a variety of contexts. *See Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549–50 (2019) (citing cases where claim-processing rules arise). Irrespective of the context, though, claim-processing rules are "inflexible." *United States v. Hyman*, 884 F.3d 496, 498 (4th Cir. 2018) (Agee, J.).

Section 3582(c)(1)(A) contains a few mandatory claim-processing rules.

Although "nonjurisdictional," the "exhaustion requirement" in § 3582(c)(1)(A) is "a mandatory claim-processing rule." *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021). Similarly, "[t]he timely filing of a notice of appeal in a § 3582 proceeding is . . . 'an inflexible claim-processing rule.'" *United States v. Lara*, 2020 U.S. App. LEXIS 41639, at *3 (10th Cir. Oct. 1, 2020) (unpublished) (citing *United States v. Garduno*, 506 F.3d 1287, 1290–91 (10th Cir. 2007)).

If the United States invokes either claim-processing rule, the Court must grant relief. *See United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir 2008) (citation omitted).

3

\* \* \*

On the one hand, the United States asserts that Cook has filed multiple compassionate release requests (**Doc. 271 at n.1 & 3**). But the United States does not go any further and invoke the mandatory claim-processing rule as to exhaustion[3] or the timely filing of an appeal. *See id.* **at 4** ("[N]ot disput[ing] that Defendant has exhausted her administrative remedies.").

## II. Second or Successive Compassionate Release Requests

Filing a second motion under § 3582(c) is, in essence, a motion to reconsider. *See United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016) (explaining a Defendant's "second motion [under § 3582(c)] falls within the very definition of a motion to reconsider"); *United States v. Warren*, 22 F.4th 917, 925–26 (10th Cir. 2022) (same). To be sure, Tenth Circuit precedent permits "second or successive" § 3582(c) motions. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018); *Warren*, 22 F.4th at 926. But such motions "are untimely . . . if not filed within the time to appeal the order that is the subject of reconsideration." *Warren*, 22 F.4th at 926 (first citing *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011); and then citing *Amado*, 841 F.3d at 871).

\* \* \*

Here, the Court denied Cook's 2022 compassionate release (**Doc. 195**) on May 20, 2022. **Doc. 204**. The Court did not find Cook's desire to "care for her mother" or brother were extraordinary and compelling. *Id.* **at 6–8**. The Court also determined Cook's compassionate release request failed the § 3553(a) factors. *Id.* **at 9–11**. Cook had fourteen days to appeal that order. *See* Fed. R. App. P. 4(b)(1)(A). But she didn't. Instead, she waited nearly three years before filing this second-in-time motion for compassionate release—*i.e.*, the motion to reconsider—on

---

[3] Regarding exhaustion, the United States did not argue that Cook's failure to pursue an administrative appeal means her claim is unexhausted. But they could have. *See* 28 C.F.R. 571.63; *see also United States v. Dodge*, No. 17-cr-1827, 2025 U.S. Dist. LEXIS 123626, at *5–7 (D.N.M. June 30, 2025).

4

April 7, 2025 (**Doc. 261**). Now, like then, Cook requests compassionate release because of her mother's health.[4] *See id.* Cook's motion to reconsider is, therefore, untimely.

As the Tenth Circuit said in *Randall*, § 3582 motions are not "open for reconsideration indefinitely." 666 F.3d at 1242 (citing Fed. R. App. P. 4(b)).[5] This supports dismissal. Moreover, the *Warren* Court's reliance on Fed. R. Civ. P. 60(b) stands for the proposition that reconsideration cannot be granted unless a court misapprehended a party's position on the facts or law. *Warren*, 22 F.4th at 927–28. But the facts and law that supported denying Cook's 2022 compassionate release (**Doc. 195**) remain unchanged. This also makes her ineligible for relief.

Even when not raised by the United States, courts may sua sponte invoke Rule 4(b)'s time bar if the case presents "inordinate delay or problems of judicial resources or administration." *United States v. Lantis*, 17 F.4th 35, 38 n.3 (10th Cir. 2021). As explained above, Cook's motion involves both inordinate delay and problems of judicial resources. As such, the Court declines to overlook the untimeliness of her filing.

### III. Section 3553(a) Factors Do Not Support Compassionate Release

Although the Court ultimately dismisses Cook's motion (**Doc. 261**) as untimely, the Court now discusses the underlying merits—but only because the United States did. Whether dismissed on procedural grounds or denied on the merits, Cook ends up in the same place. *See Amado*, 841

---

[4] Cook's motion even says as much: "When . . . my mother was picked up by the State of New Mexico because she had dementia and was deemed incapacitated. There was nothing I could do. I did file for a compassionate release but was denied." **Doc. 261 at 9**.

[5] Various unpublished cases also support denial of an inmate's untimely reconsideration of a § 3582 motion under Fed. R. Civ. P. 60(b) and Fed. R. App. P. 4(b). *See, e.g., United States v. Muldrow*, 612 F. App'x 508, 511 (10th Cir. 2015) (unpublished); *United States v. Norwood*, 755 F. App'x 813, 815–16 (10th Cir. 2018) (unpublished); *United States v. Heath*, 846 F. App'x 725, 728 (10th Cir. 2021) (unpublished); *United States v. Ramsey*, 2021 U.S. App. LEXIS 29378, at *3–4 (10th Cir. Sept. 29, 2021) (unpublished); *United States v. Wilson*, 2022 U.S. App. LEXIS 23031, at *3–4 (10th Cir. July 19, 2022) (unpublished); *United States v. Setiyaningsih*, 2024 U.S. App. LEXIS 9625, at *4–5 (10th Cir. Apr. 22, 2024) (unpublished).

F.3d at 871 ("[T]he only problem we discern with the district court's decision is that, after having ruled the motion was untimely, the court denied the motion rather than dismissed it.").

\* \* \*

Assuming Cook's motion for reconsideration was timely (it wasn't), the sentencing factors don't support granting her request for compassionate release.

First, the nature and circumstances of the offense are serious. As the Court stated at sentencing, "a huge quantity of methamphetamine" was attributable to Cook. **Doc. 157 (Sent'g Hrg. Tr.) at 37:1–38:6**. She was an organizer or leader in a drug-trafficking organization. *Id.* **at 23:11–24:9**. And Cook's drug-trafficking organization was tied to a cartel. *Id.* at 24:7; **Doc. 125 (PSR) at ¶¶ 10, 24, 26, 104**.

Second, the need to promote respect for the law also counsels against compassionate release. *Cf.* **Sent'g Hrg. Tr. at 39:14–18** (calling for "a very lengthy term of incarceration").

Third, with respect to deterrence, Cook's previous conviction did not deter her from engaging in future drug-trafficking activity. *See id.* **at 39:19–25**; **Doc. 125 (PSR) at ¶ 44** (citing her previous drug-trafficking case in D.N.M. case number 89-cr-132). And when given the opportunity to "get off" the drug-trafficking train, she didn't. **Sent'g Hrg. Tr. at 39:1–13 & 40:2–5**. The sentence imposed provides needed general and specific deterrence.

\* \* \*

"[A] court may deny relief when, as here, it finds the sentence imposed remains appropriate under the § 3553(a) factors." *United States v. Cleveland*, 2024 U.S. App. LEXIS 26761, at \*11 (10th Cir. Oct. 23, 2024) (unpublished). That's true here.[6]

---

[6] This was also true in Cook's 2022 compassionate release request. Back then, the Court explained "Ms. Cook has thus far served barely 5 years of a 27-year sentence, and the Court is not persuaded that this period approaches a point that is either adequate for future deterrence or that reflects the seriousness of her criminal conduct." **Doc. 204 at 11**.

Cook's statutory minimum sentence was 10 years (**PSR at ¶ 88**). And her advisory Guidelines imprisonment range was life (*id.* **at ¶ 89**). But the Court found a life sentence was "a bit too harsh." **Sent'g Hrg. Tr. at 38:16**; *see also Cook*, 761 F. App'x at 846 n.11 (same). Accordingly, the Court varied downward by two levels (from an offense level 43 to offense level 41) and then sentenced Cook at the low-end of the Guidelines. **Sent'g Hrg. Tr. at 41:2–10**. The 324-month sentence imposed remains sufficient but not greater than necessary to satisfy the goals of sentencing.

There's another justification, too. A district court may consider how much time remains on a sentence when deciding if the § 3553(a) factors support compassionate release. *See, e.g., United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (unpublished); *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020); *United States v. Lawrence*, 2021 U.S. App. LEXIS 30990, at *7 (6th Cir. Oct. 14, 2021) (unpublished); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021); *United States v. Vazquez*, 2025 U.S. App. LEXIS 5927, at *5 (11th Cir. Mar. 13, 2025) (unpublished and per curiam). Thus, the magnitude of sentence reduction is a relevant consideration. *United States v. Parada*, No. 03-cr-40053, 2020 U.S. Dist. LEXIS 142404, at *17 n.58 (D. Kan. Aug. 10, 2020), *aff'd* 2022 U.S. App. LEXIS 801 (10th Cir. Jan. 11, 2022) (unpublished).

To date, Cook has been incarcerated for around a decade.[7] This means she has only served her mandatory-minimum sentence of 120 months. But the Court sentenced her to 324 months. The

---

[7] Cook claims to have spent "over . . . 946,000 hours in prison" thus far. **Doc. 261 at 8**. That calculation is off by around 100 years (or 860,000 hours). In reality, Cook has been in custody since February 24, 2016—which is approximately 82,000 hours.

7

fact Cook has more than half[8] of her sentence remaining also supports denial. *Cf.* 18 U.S.C. § 3582(c)(1)(A)(ii); USSG § 1B1.13(b)(6).

At bottom, the § 3553(a) factors do not support compassionate release.

## IV. Cook is Not Entitled to Appointment of Counsel

Cook also "request[s] the court appoint an attorney to assist with her motion." **Doc. 261 at 2**. But there is no right to counsel in § 3582(c)(2) proceedings. *See Hemmelgarn*, 15 F.4th at 1032 ("No right to counsel extends to a § 3582(c)(2) motion.") (citation omitted); *United States v. Akers*, 807 F. App'x 861, 867 (10th Cir. 2020) (unpublished) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." (citation omitted)); *cf. Lawrence v. Florida*, 549 U.S. 327, 337 (2007) ("In the postconviction context, prisoners have no constitutional right to counsel." (cleaned up)); *see also* **Doc. 267**. Her request is not well-taken.

## V. Potential Habeas Issue[9]

---

[8] The Court notes that Cook was arrested in February 2016 (**PSR at 1–2**) and has been in continuous custody since. Although 112 months have elapsed since February 2016, this is closer to 129 months in BoP time (after factoring in good time credit). Applying the same 54-day/year calculation, Cook's 324-month sentence results in a real-time sentence of around 275 months.
    To date, Cook has served 110 months out of her 324-month sentence—roughly 35% of her sentence. If instead the Court applies BoP time, then Cook has completed around 46% of her sentence (129 months of BoP time divided by 275 BoP months). Either way, she's served less than half her sentence.

[9] Cook's Motion alleges that Jeff Burlingame "lied as a material witness to obtain a lesser sentence for himself." **Doc. 261 at 10**. Included in her compassionate release request is a letter (apparently) from Jeff Burlingame dated March 2024 (**Doc. 261 at 88–91**). In this letter, Burlingame says that his statements about "the Habanero house being rented by Sandra Cook" and that Cook "knew [Burlingame] had a gun in [his] backpack" are untrue. **Doc. 261 at 89–90**.
    If Burlingame did, in fact, lie as a "material witness," Cook's point might have some merit. Especially if she had raised it in her first § 2255 petition. But Burlingame wasn't a trial witness. *See* **Docs. 154–156**. Her argument is more attenuated than that. Rather, it appears that Cook is claiming that Burlingame lied in his plea agreement and/or Rule 11 hearing.
    But Cook's discontent with Burlingame's plea agreement isn't new. In opening statements, *see* **Doc. 154 at 123:24–124:8**, defense counsel told the jury that Burlingame's plea agreement was inconsistent with his statements to law enforcement during the search warrant. And near the end of trial, Cook's trial defense team attempted to "get Jeff Burlingame's Plea Agreement in[to evidence]" through the case agent. *See* **Doc. 156 at 24:22–61:23**. More importantly, though, Burlingame's plea agreement, *see* **Doc. 56 at ¶¶ 7–11** (No. 16-cr-1088), doesn't even contain the language that his letter portends. *See United States v.*

Habeas petitioners are generally entitled to litigate the merits of their postconviction claims once. And if a "a person seeks to bring a subsequent federal habeas challenge . . . 'the road gets rockier.'" *Rivers v. Guerrero*, 605 U.S. __, 2025 U.S. LEXIS 2276, at *9 (2025) (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)).

As mentioned earlier, Cook already filed a habeas petition. *See* **Docs. 166, 192, 193**; *see also* 20-cv-369 (D.N.M.). Her § 2255 motion was denied. And the Tenth Circuit "den[ied] a COA and dismiss[ed] the matter." *Cook*, 2024 U.S. App. LEXIS 22549, at *1.

This means Cook cannot file a "second or successive" habeas petition without authorization from the court of appeals. *United States v. McKye*, 947 F.3d 1293, 1295–96 (10th Cir. 2020). So to the extent Cook's motion raises habeas issues, this Court lacks jurisdiction to consider the merits because she didn't receive authorization to file a second or successive § 2255 motion. *See United States v. Murphy*, 887 F.3d 1064, 1067 (10th Cir. 2018) ("Under § 2255(h)(2), a second or successive habeas motion must be certified . . . by a court of appeals."); *see also In re Bowe*, 144 S. Ct. 1170, 1170 (2024) (statement of Sotomayor, J., joined by Jackson, J., concurring in the denial of the petition for a writ of habeas corpus) ("Before a federal prisoner can file a second or successive habeas § 2255 motion, a court of appeals must certify it.").

## CONCLUSION

The Court concludes Cook's "second or successive" compassionate release request—construed as a motion for reconsideration—is untimely. As such, dismissal is required. But even if the Motion's untimeliness were overlooked, the Court would deny Cook's motion on the merits.

**IT IS THEREFORE ORDERED** that:

---

*Leal*, 921 F.3d 951, 963 n.10 (10th Cir. 2019) (citing *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information)).

(1) Cook's Motion for Compassionate Release (**Doc. 261**) is **DISMISSED as untimely** under Fed. R. App. P. 4(b) and Fed. R. Civ. P. 60(b). Additionally, or alternatively, the § 3553(a) factors support **DENIAL** of her Motion on the merits. Either way, the sentence imposed (**Doc. 140**) on September 21, 2017, remains in effect.

(2) Cook's request for appointment of counsel (**Doc. 261 at 2**) is **DENIED as moot**.

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE